Judge Whyte
delivered the opinion of the court. On the 22d day of September, 1821, the plaintifi in error, James B. Cabiness, sued Edmund Cooper by warrant, before a justice of the peace; and on the 9th day of October, following, recovered judgment for the sum of ninety-two dollars and seventeen cents and costs, on which judgment, execution was stayed by Richard Garrett, the defendant in error. On the 15th July, 1822, an execution was issued against the said Edmund Cooper and Richard Garrett, for the said sum of $92 17 and costs, so recovered, which was returned by Hinton, a constable, “no property found.” On the 12th day of December, 1828, another fieri facias execution was issued against Edmund Cooper, whose death had been suggested, and Richard Garrett, security for the stay of execution, for the collection of the above sum of $92 17 and costs, so recovered by the judgment of the 9th of October, 1821. To avoid this execution, Richard Garrett applied, by petition, to a Circuit Judge for writs of supersedeas and certiorari, to •stay proceedings under the last mentioned execution, and to remove the same, with the complaint, into the circuit court, charging as error, that no scire facias had issued to revive the judgment, — there being a lapse of six years and upwards, between the issuance of the first and the last execution. The Circuit Judge granted his fiat for the issuance of the writs prayed for by the petition.
In the circuit court it was moved by the plaintiff in error, Cabiness, that the certiorari should be dismissed;— and by the defendant in error, Garrett, that the execution should be quashed. The court overruled the motion to dismiss the certiorari, and sustained the motion to quash *492 the execution, from which judgment of the circuit court, an appeal in error is taken to this court.
The question presented to this court, is, whether the judgment of the circuit court is correct or erroneous ?
It is argued for Garrett, the defendant in error, that the execution of the 12th of December, 1828, issued erroneously, because no scire facias had been previously issued to revive the judgment of 1821. It is considered by this court that in the present case, no scire facias was necessary for that purpose, as a prior execution issued the 15th July, 1822, and was returned, “no property found.” It is so laid down in Tidd’s practice, 1004, where he says, “where a fieri facias or capias ad satisfaciendum is taken out within the year, and not executed, a new writ of execution may be sued out at any time afterwards, without a scire facias; provided, the first writ be returned, and continuances entered from the time of issuing it — • which continuances may be entered after the issuing of the second writ, unless a rule be made upon motion, for the proceedings to remain in statu quo.”
The act of 1820, ch. 151, sec. 6, does not apply to this case. By the act of 1801, ch. 7, “if the judgment is not discharged at the time the stay of execution has expired, then it shall and may be lawful for any justice of the peace of the county, having such judgment in his possession, to issue execution against the principal and his security without any intermediate process.” The execution in the present case pursues the act of assembly; — by it, the judgment rendered against the principal operates against the party who stayed the execution, upon its not being discharged at the time of the expiration of the stay, as a joint judgment against both these parties, upon which execution is to issue accordingly. Besides this, the act having made the judgment in its operation, a joint judgment against both, the execution is regular by common law. Tidd’s practice 1029, says, “it is now settled, that where there are two or more plaintiffs in a personal action, and one or more of them die, after judgment, execution may be had for, or against the survivors, without a *493 scire facias. But the execution in such case, should be taken out in the joint names of all the plaintiffs or defendants; otherwise, it will not be warranted by the judgment.” This rule has been observed in the present case, and the execution issued strictly conformable thereto.
F. B. Fogg, for plaintiff in error.
G, S. Yerger, for defendant in error.
The judgment of the circuit court in quashing the execution is, therefore, erroneous and must be reversed.